IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMES A. LAWHORN,    :

   Petitioner,   :

          :

 v.        :   Civ. A. No. 19-674-CFC

          :

ROBERT MAY, Warden,   :

and ATTORNEY GENERAL  :

OF THE STATE OF    :

DELAWARE,      :

          :

   Respondents.  :

**MEMORANDUM ORDER**

At Wilmington this ___**20th**___ day of January 2022;

IT IS ORDERED that:

Petitioner James A. Lawhorn's Motions for Permission to Return to State Court for Good Cause (D.I. 23; D.I. 24) are **DENIED**.

Petitioner's § 2254 Petition challenges his 2015 conviction in the Delaware Superior Court for sex offender unlawful sexual conduct against a child and first-degree unlawful sexual contact.  The Petition asserts three ineffective assistance of trial counsel claims, and one claim alleging that the State violated Petitioner's state and federal constitutional rights and Delaware Superior Court Criminal Rule 44 by not appointing counsel to assist him in during his post-conviction proceeding.  (D.I. 3 at 5, 7, 8, 10; D.I. 6 at 4-6, 7-8, 9-10)  In its Answer, the State explains that Petitioner exhausted state remedies for all four Claims by presenting them to both the Superior Court and the Delaware Supreme Court.  (D.I. 15 at 13, 19, 26, 29-3)  The Delaware

state courts denied the Claims as meritless, and the State argues that those denials do not warrant habeas relief under § 2254(d).  (D.I. 15)

In the instant Motions, Petitioner asserts that it is imperative for him to return to state court to develop a meaningful record to assist the Court in making a fair and just decision in his case.  (D.I. 23 at 1; D.I. 24 at 1)  He also asserts that he "needs to return [to state court] to exhaust remedies so that [he can] be in compliance with 28 U.S.C. § 2254(d)(1)," (D.I. 23 at 2; D.I. 24 at 2), and he has provided a copy of the Rule 61 motion he presumably wishes to file in the Superior Court.  The proposed Rule 61 motion appears to present the following two grounds for relief: (1) defense counsel provided ineffective assistance by deliberately ignoring Petitioner's medical problems and/or manipulating Petitioner's vulnerabilities to coerce him to enter a guilty plea, and also by failing to object to the State's breach of the plea agreement;[1] and (2) the Superior Court failed to consider extraordinary mitigating circumstances such as Petitioner's long term psychiatric disorder and the sudden death of Petitioner's mother. (D.I 23 at 6-22; D.I. 24 at 5-25).

Given the procedural posture of the case, the Court construes the Motions as requests to stay this proceeding so that Petitioner can either (1) return to state court to exhaust state remedies for the allegedly new arguments in order to facilitate a subsequent attempt to amend his Petition with those arguments, or (2) expand the

---

[1]On direct appeal, Petitioner argued that the State breached the plea agreement by advocating for aggravating circumstances and making arguments about Petitioner's bad character to the sentencing judge. (D.I. 16-2 at 1; D.I. 16-5 at 2)  In his first Rule 61 motion, Petitioner argued that defense counsel provided ineffective assistance by failing to object when the State argued beyond its sentence recommendation. (*See* D.I. 16-11 at 11)

record with any new information obtained during the adjudication of his proposed Rule 61 motion.  Neither interpretation warrants relief.  With respect to Petitioner's contention that he needs to return to state court in order to exhaust state remedies, a court may grant a protective stay to allow a petitioner to return to state court if the habeas petition contains both exhausted and unexhausted claims, and the petitioner's ability to file a future habeas petition after proper exhaustion in the state courts will be clearly foreclosed by the expiration of AEDPA's one-year filing period.  *See Rhines v. Weber*, 544 U.S. 269 (2005); *Pliler v. Ford*, 542 U.S. 225 (2004).  Since the instant Petition does not contain any unexhausted claims, a protective stay is not warranted.

Petitioner's contention that he needs to return to state court in order to expand the record – which essentially constitutes a request to conduct further discovery under Rule 6(a) of the Rules Governing § 2254 Cases – is similarly unavailing.  *See* Rule 6(a), Rules Governing Section 2254 Cases, 28 U.S.C. foll. §2254. ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure.")  The alleged "new" arguments identified in the proposed Rule 61 motion merely re-assert the same arguments Petitioner already presented to the Delaware courts with slightly different language. (*See* D.I. 16-2; D.I. 16-9)  Such rehashing of the same issues is unlikely to uncover or more fully develop any facts indicating Petitioner is entitled to relief.  Therefore, Petitioner has failed to show good cause warranting a stay for the purpose of discovery.

_____
COLM F. CONNOLLY
CHIEF JUDGE

3